FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 25, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VIKKI LYNNE BUTLER and JAMES ALAN BUTLER,<br><br>    Plaintiffs,<br><br>    v.<br><br>ETHICON, INC., and JOHNSON & JOHNSON,<br><br>    Defendants. | No.  4:20-cv-05137-SMJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

Before the Court, without oral argument, is Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 11. For the reasons that follow, the Court grants Defendants' motion and dismisses Plaintiffs' Complaint with leave to amend.

Plaintiffs' Complaint alleges that Plaintiff Vikki Lynne Butler was implanted with Ethicon, Inc.'s Prolift and TVT-O prescription pelvic mesh medical devices for treatment of her stress urinary incontinence. ECF No. 1 at ¶¶ 19–21. Plaintiff also claims she underwent a revision surgery and sustained injuries resulting from her treatment with TVT-O and Prolift. *Id*. at ¶¶ 23–26. Plaintiffs' Complaint contains two causes of action against Defendants Johnson & Johnson and Ethicon, Inc. (collectively, "Defendants"): (1) allegations under the Washington Product

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT – 1

1   Liability Act ("WPLA"), and (2) violation of the Washington Consumer Protection
2   Act ("WCPA"). *Id.* at Sections 6, 7. Plaintiffs also seek loss of consortium damages
3   and punitive damages. *Id.* at ¶¶ 67–75.
4         Defendants move to dismiss Plaintiffs' Complaint under Federal Rules of
5   Civil Procedure 8, 9(b), and 12(b)(6), arguing (1) the Complaint contains
6   impermissible shotgun pleadings, (2) the WPLA and the WCPA claims fail to
7   satisfy the *Iqbal/Twombly* federal pleading standard, (3) the WCPA claim is not
8   cognizable where, as here, Plaintiffs seek to recover damages for personal injury,
9   and (4) the loss of consortium claim cannot survive because Plaintiffs' underlying
10  claims fail. ECF No. 11 at 3. Defendants also argue this Court should follow its
11  decision in *Hernandez v. Johnson & Johnson*, No. 4:20-CV-05136-SMJ, 2021 WL
12  320612 (E.D. Wash. Jan. 8, 2021). *See generally* ECF No. 23.
13        Having reviewed the pleadings and file in this matter, as well as the relevant
14  case law and this Court's decision in *Hernandez*, the Court finds the complaint in
15  *Hernandez* practically indistinguishable from the Complaint at issue here.
16  Accordingly, this Court dismisses the Plaintiffs' Complaint for the same reasons
17  already set forth in *Hernandez*. Like *Hernandez*, the Court cannot characterize the
18  Complaint here as a shotgun pleading and so it does not dismiss the Complaint on
19  that basis. *See Hernandez*, 2021 WL 320612, at *2. Still, as in *Hernandez*,
20  Plaintiffs' WPLA claim fails to plausibly state a claim upon which relief can be

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
COMPLAINT – 2

granted. *See id*. at *2–5. And although Plaintiffs' WCPA claim states a claim under the *Twombly* and *Iqbal* standard, it fails to satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b). *See id*. at *5–6. Despite these deficiencies, Plaintiffs may save their Complaint through amendment and thus the Court grants Plaintiffs an opportunity to amend their Complaint. *See id*. at *6–7.

That said, the Complaint in this case differs from *Hernandez* in one respect: It alleges loss of consortium. Accordingly, the Court must address whether that additional claim survives Defendants' motion to dismiss. It does not.

## LEGAL FRAMEWORK

### A. Motion to Dismiss

Under Rule 12(b)(6), the Court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted," including when the plaintiff's claims either fail to allege a cognizable legal theory or fail to allege sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Facial plausibility exists when a complaint pleads facts permitting a reasonable inference that the defendant is liable to the plaintiff for the misconduct

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT – 3

alleged. *Iqbal*, 556 U.S. at 678. Plausibility does not require probability but demands something more than a mere possibility of liability. *Id.* Although the plaintiff need not make "detailed factual allegations," "unadorned" accusations of unlawful harm and "formulaic" or "threadbare recitals" of a claim's elements, supported only "by mere conclusory statements," are insufficient. *Id.*

In deciding a Rule 12(b)(6) motion, the Court construes a complaint in the light most favorable to the plaintiff, assumes the facts as pleaded are true, and draws all reasonable inferences in his or her favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011); *Iqbal*, 556 U.S. at 678. Even so, the Court may disregard legal conclusions couched as factual allegations. *See id.*

**B.    Washington Substantive Law Applies**

No party disputes that Washington State law applies to Plaintiff's substantive claims, and this Court agrees it must look to Washington's choice of law rules to determine the controlling substantive law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (holding that courts must apply the choice of law rules in the forum state).

Absent an actual conflict between the laws and interests of Washington and the laws and interests of another state, Washington law presumptively applies. *Erwin v. Cotter Health Ctrs., Inc.*, 167 P.3d 1112, 1120 (Wash. 2007). If an actual conflict exists, the state with the "most significant relationship" supplies the

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT – 4

controlling law. *Id.* Plaintiff is a resident of Washington, and her revision surgery occurred in Washington. Accordingly, Washington has the most significant relationship.

C.  **Loss of Consortium**

Defendants argue Plaintiffs failed to plead sufficient facts to support their loss of consortium claim. ECF No. 23 at 9–10. This Court agrees.

Plaintiffs make the following allegations with respect to their loss of consortium claim:

> **VIII. LOSS OF CONSORTIUM**
> 67. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein, and further allege:
> 68. Plaintiff JAMES ALAN BUTLER, at all times relevant, was and is the lawful husband of Plaintiff VIKKI LYNNE BUTLER.
> 69. As a direct, legal, and proximate result of the culpability and fault of Defendants, Plaintiff JAMES ALAN BUTLER suffered the loss of support, services, love, companionship, affection, society, intimate relations, and other elements of consortium, all to his general damage in an amount in excess of the jurisdictional minimum of this Court.
> 70. Plaintiffs demand judgment against Defendants for compensatory and punitive damages such as a jury may award, and such other relief as the Court deems just and proper in order to remedy Plaintiff JAMES ALAN BUTLER's loss of consortium.

ECF No. 1 at 15–16. Yet the claim for loss of consortium alleges only one fact: That Mr. Butler is Ms. Butler's husband. *See id.* ¶ 68. Paragraph 69 is merely a conclusory statement. *See id.* And Paragraph 70 simply sets forth Plaintiffs' requested remedy of compensatory and punitive damages. *See id.*

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT – 5

In its response, Plaintiffs point this Court to *March v. Ethicon, Inc.*, 2020 WL 6132212, at *6 (W.D. Wash. Oct. 19, 2020), arguing that because the court there denied summary judgment (finding a genuine dispute of material fact existed), this Court cannot dismiss Plaintiffs claims here before discovery of the facts. ECF No. 22 at 20. But this argument puts the cart before the horse. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. This Court agrees with Defendants that Plaintiffs' reliance on *March* is misplaced. *See* ECF No. 23 at 9–10. It also agrees that *Bates v. State Farm Mut. Auto. Ins. Co.*, No. C14-1557JLR, 2015 WL 11714360, at *4 (W.D. Wash. Oct. 19, 2015) is analogous to the situation here.

In *Bates*, the court determined, "[a]lthough a loss of consortium claim depends on an underlying injury to the plaintiff's spouse, loss of consortium is a separate and independent claim, and therefore must be plausibly pleaded in the complaint." *Id*. (citations omitted). There, plaintiffs' complaint alleged no facts concerning Mr. Bates' losses. *Id*. It alleged only that Mr. Bates was Ms. Bates' husband. *Id*. The court ruled those allegations did not plead factual content sufficient to permit the court to draw the reasonable inference that Mr. Bates suffered loss of consortium, and it dismissed plaintiffs' loss of consortium claim. *Id*. (citing *Iqbal*, 556 U.S. at 663).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT – 6

The Complaint at issue here is like the complaint in *Bates*. Plaintiffs' Complaint merely alleges Mr. Butler is Ms. Butler's husband, and it alleges no facts concerning Mr. Butler's losses. This Court thus concludes Plaintiffs have not pleaded factual content sufficient to support their loss of consortium claim and thus dismisses Plaintiffs' loss of consortium claim.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendants' Motion to Dismiss Plaintiff's Complaint, **ECF No. 11**, is **GRANTED**.

**2.** Plaintiffs' Complaint, **ECF No. 1**, is **DISMISSED WITHOUT PREJUDICE**.

**3.** Plaintiffs may file an **amended complaint** by no later than **30 days from the date of this Order**.

    **A.** If Plaintiffs do not file an amended complaint by that date, the Court will instruct the Clerk's Office to enter judgment dismissing this action without prejudice and closing the file.

//

//

//

//

//

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT – 7

      ***B.***    If Plaintiffs file an amended complaint, Defendants shall file a responsive pleading in accordance with the Federal and Local Civil Rules.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 25th day of March 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT – 8